**Dasef R. LOVE, Appellant (Plaintiff below),**

v.

**STATE HIGHWAY COMMISSION of Wyoming, Appellee (Defendant below).**

**No. 3523.**

Supreme Court of Wyoming.

Nov. 30, 1966.

Clarence A. Brimmer, Jr., and Samuel T. Ishmael, Rawlins, for appellant.

John A. Raper, Atty. Gen., Glenn A. Williams, Chief Special Asst. Atty. Gen., and J. Richard Plumb, Asst. Atty. Gen., for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr Justice McINTYRE delivered the opinion of the court.

An action for declaratory judgment was brought by Dasef R. Love against the State Highway Commission of Wyoming to determine whether Love has a right under § 24–77, W.S.1957, to have the highway authorities of the state build a service road to furnish access to Love's property, which lacks access to a new access facility.

The district court found Love did not have the right claimed by him and gave judgment in favor of defendant-Commission. Love has appealed and his attorneys insist § 24–77 guarantees the right in question.

The Bureau of Land Management, United States Department of the Interior, decided several years ago to dispose of certain tracts of public land located west of and adjacent to the City of Rawlins, Wyoming. Plaintiff, a resident of Border, Texas,

was successful in a drawing for one of these tracts. As a result, he obtained a lease with an option to purchase a 5.02-acre tract adjacent to Interstate Highway No. 80, which is an access facility replacing what was formerly U. S. Highway No. 30 which did not have limited access.

The provisions of § 24–77 are as follows: "No access facility shall be constructed without providing for the property rights of residents whose homes or places of business are now located on or abuts the said proposed access facility. In all such cases, provisions shall be made to afford said residents access to said facility within five hundred feet of their homes or places of business; or in the alternative, and at the option of the proper highway authorities, service roads shall be built so as to afford said residents a convenient route to the nearest city, town or village adjoining them."

This statute appears to protect the property rights of residents whose homes or places of business are "now" located on or abut a proposed access facility. As we understand the contentions of appellant on appeal, he seeks to relate his appeal to an interpretation of the word "now" in the statute. He argues in his brief that "now" means "at the time it (the access facility) is proposed to be built"—not in 1949 when the statute was passed.

We can agree the legislature probably did not intend the word "now" to mean at the time of passage of the statute. But still, if such interpretation as appellant suggests in his brief were accepted, it seems to us we would have to affirm the judgment of the district court on the basis that the trial court was entitled to believe, from the evidence, the access facility in question was proposed to be built prior to the time Love acquired property rights in his tract of land.

From a stipulation of the parties and evidence in the case, it stands undisputed that Love obtained his lease November 1, 1957, and his patent July 26, 1960. There was undisputed evidence, however, that

the Highway Commission acquired rights of way in the Rawlins area for Interstate Highway No. 80, including an acquisition from the United States of an additional 100 feet across the tract afterwards sold to plaintiff, at least as early as January 3, 1956.

An agreed statement of facts submitted at the trial recites that the Federal Aid Highway Act of November 9, 1921 (42 Stat. 212) provides for federal-aid highways, and, on January 3, 1956, the Department of the Interior approved the application of the State of Wyoming for an additional 100 feet of right of way, with access control, across the tract subsequently acquired by plaintiff. It was after that date, during 1957, that the Bureau of Land Management issued Classification Order 17, which classified the tract plaintiff afterwards acquired and other tracts for drawings.

Among other things, the classification order specified:

"A proposed inter-state highway over the existing right-of-way will be a limited access freeway, and points of highway access to the tracts classified herein will be subject to determination by the State Highway Department."

Of course it was after this classification when Love made his successful drawing and acquired his first interest in his tract of land. It is apparent, then, that he acquired his interest with full knowledge that there was to be an interstate highway, which had a right of way over his land (including the additional 100 feet). He also had knowledge that the highway was to be a limited access freeway; and that points of highway access to his tract would be subject to determination by the state highway department. The title issued to him under his patent was made subject to existing rights of way for roads and highways.

But regardless of any interpretation which appellant may have argued for in his brief, it was made clear in oral argument to us that appellant contends the word

"now" as used in § 24-77 means at the time of actual construction. It is conceded the portion of Interstate Highway No. 80 in the vicinity of plaintiff's land was constructed during the years of 1964 and 1965, after plaintiff acquired property rights in his land.

However, before we reach a consideration of the question of whether property rights are protected for residents whose homes or places of business are located on or abut the proposed access facility—(1) as of the time of construction, or (2) as of some other time—we need to point out that appellant's proposition assumes other facts not shown to be true.

In the first place, appellant assumes, without showing authority therefor, that he comes under the protection extended to "residents." It is undisputed in the record that plaintiff is a resident of Border, Texas, and never resided in Wyoming. We do not construe the term "residents" as used in the first sentence of § 24-77 and the term "said residents" as used in other portions of the act to apply to persons residing outside the State of Wyoming.

We can inquire not only as to whether plaintiff qualifies as a resident, but also as to whether he qualifies as a person having a home or place of business adjacent to the access facility. It is not claimed he has a home. But he testified he built a 20-foot by 43-foot sheet iron building on the property, in May, 1960, and intended to conduct a mail order business from this location and building. There is no evidence of business ever having been conducted on the property.

On the basis of the evidence before it, the trial court could not do otherwise than find plaintiff was not a resident. It was amply justified in finding plaintiff's building did not constitute a place of business at the time the new highway was constructed, or at any other time. Hence, it cannot be said as a matter of law that plaintiff was a "resident" whose home or place of business was located on

or abutted the access facility, no matter what time may be considered the critical time.

Therefore, the district court was correct in entering a declaratory judgment to the effect that Love did not have a right under § 24-77, W.S.1957, to have the highway authorities of the state build a service road to furnish access to Love's property.

Affirmed.